UNITED STATES DISTRICT COURT

FOR THE

NEW HAMPSHIRE

| | |
|---|---|
| JOSE VELAZOUEZ,<br>  PETITIONER, | CASE NO.:_____ |
| V. | JUDGE:_____ |
| FCI BERLIN,<br>  RESPONDENT.    / | HABEAS CORPUS 28 USC 2241<br>REOUEST FOR ENFORCEMENT<br>WRIT OF HABEAS CORPUS AD<br>PRO SEOUENDUM |

PETITION FOR WRIT OF HABEAS CORPUS UNDER
28 U.S.C. §2241 REOUESTING FOR ENFORCEMENT/HONORING WRIT OF
HABEAS CORPUS AD PRO SEQUENDUM

1. The Petitioner is now in the custody of acting Warden A. Ackley, Acting Warden of the Federal Correctional Institution Berlin, under 18 U.S.C. §1591(A) and (B)., (1) and (2)., rendered by the United States District Court for the Middle District of Pennsylvania.

2. Since Petitioner's confinement began at the FCI Berlin Facility, Petitioner has been deprived of his Due Process Rights as enshrined in the United States Constitution, the Constitutional Rights of Prisoners and the Laws of the United States in connection with a Writ of Habeas Corpus Ad Pro Sequendum issued on October 29, 2015, after which Petitioner was unconstitutionally subjected to having his custody classification score raised by applying a detainer to his overall score.

3. Petitioner Rights are being impinged upon Due to the Federal Bureau of Prisons blatant dishonor of the Writ of Habeas Corpus Ad Pro Sequendum. Petitioner should have been returned to the original sovereign who retained the jurisdiction of Petitioner in order to

(I)

address any and all outstanding warrants, detainers, parole violations or the like.

4. This Court has jurisdiction pursuant to 28 U.S.C. §2241.

5. Petitioner has exhausted all appeals available to him under the FBOP regulations and has no remedy other than this application for a Writ of Habeas Corpus to correct the illegal and unconstitutional burdens added to his confinement.

## PRAYER

A.   This Court issue a Writ of Habeas Corpus directing the Acting Warden A. Ackley, orderring the appropriate department under his authority to issue a Writ of habeas Corpus Ad Pro Sequendum in order to return Petitioner to the State of Pennsylvania the origianl sovereign in order that he may tend to whatever issues are still pending in that jurisdiction.

B. This Court conduct an evidentiary hearing to determine whether any cause of action should take place that would prevent the Respondent from returning Petitioner to the original Sovereign.

Date: June 17ᵗʰ, 2025.

(II)